Case 2:24-cv-00118   Document 12   Filed on 08/13/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN JOSE BALDERAS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00118 |
| | § | |
| DAVID GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On April 15, 2024, Plaintiff Juan Jose Balderas, Jr., filed a *pro se* prisoner civil rights complaint against Defendants David Gonzales and District Attorney Carlos Omar Garcia. (D.E. 1). Balderas asserts that Gonzales, his lawyer in ongoing state criminal proceedings, has not provided adequate representation and that Garcia, the prosecutor in his case, is violating his double jeopardy rights. For the reasons discussed further below, it is recommended that Balderas's complaint be construed as a habeas corpus petition filed by a pretrial detainee under 28 U.S.C. § 2241. It is further recommended that Balderas's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and more definite statement that Balderas is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

## I.   BACKGROUND AND CONSTRUCTION OF COMPLAINT

### a.   *Petition and Claims*

In the petition, Balderas alleges that, in December 2020, he was pulled over in Jim Wells County for speeding. (D.E. 1 at 4).  Balderas was tired and on prescription medication at the time.  The officer conducted an illegal search of the vehicle and Balderas's belongings, finding prescribed medication but no alcohol.  The officer asked Balderas to take a breathalyzer test, which Balderas refused.  The officer then took him into custody and conducted a blood test.  Balderas was charged with driving while intoxicated and bailed out.  On January 2, 2024, Balderas met Gonzales, his court-appointed attorney, for the first time.  (*Id.*).

Balderas raises two specific claims in his petition.  First, he claims that Gonzales has not defended him properly and has not filed any motions in his case or otherwise objected to the fact that Balderas has already served one year and eight months of probation[2] with a Smart Start device installed on his car.  (*Id.* at 3).  Second, he claims that Garcia is violating his double jeopardy rights and has given him the option to request new representation to dismiss the case.  (*Id.*).  Balderas states that the relief he seeks is for "the court to consider the year and eight months on probation and on the Smart Start device, which I completed without violations or outstanding fees."  (*Id.* at 4).

---

[2] Although Balderas states in his complaint and more definite statement that he has spent one year and eight months on probation, it is apparent from his more definite statement that he is referring to time spent released on bond under supervision.  (*See* D.E. 11 at 1-2).

2

### b. *More Definite Statement*

On May 28, 2024, the undersigned ordered Balderas to file a more definite statement and provided a list of specific questions. (D.E. 10).

Balderas properly filed a more definite statement responding to each question, in which he stated the following. (D.E. 11). After his arrest, his wife paid his bond, and his probation officer instructed him on how to get started with the Smart Stop device on his car. (*Id.* at 1-2). Balderas then completed a year and eight months with the Smart Stop device without any violations or fines, and he reported to his probation officer by phone once a month. (*Id.* at 2). On April 2, 2024, Balderas met with Gonzales for a pre-trial/plea negotiation hearing under Texas Code of Criminal Procedure Article 28.01. (*Id.*). Balderas was convicted of driving while intoxicated and was supposed to appear in court on May 15, 2024, but did not receive a reminder letter and did not appear. (*Id.* at 2-3). As a result, the state court issued a warrant for Balderas's arrest. (*Id.* at 3).

While his case was pending, Balderas attempted to contact Gonzales, but Gonzales never answered or returned his calls. (*Id.*). Gonzales did answer a call from Balderas's wife but stated that he had no knowledge of the case because he had not reviewed it yet. (*Id.* at 3-4). Gonzales stated that they would "just go with what the Judge wants." (*Id.* at 4). Balderas's wife asked about the year and eight months Balderas had already completed on the Smart Stop device while released on bond, but Gonzales said "that didn't count," and also stated that Balderas's health problems would not be considered. In court, Gonzales told the judge that Balderas did not want to participate in a program to take

3

classes in return for his charge being dismissed, but failed to mention that the reason was that Balderas did not live in the area and did not qualify for the program. There was a lack of communication between Gonzales, the probation officer, and the court, because the judge stated that Balderas did not comply with reporting to the probation officer, when he did comply. (*Id.*). Balderas's wife attempted to show Gonzales a letter from a pending disability claim to show that Balderas was unemployed and could not pay his fines or pay for classes, but Gonzales said that would not help. (*Id.* at 5).

Balderas further stated that Garcia and Gonzales said the case would be dismissed, but it was not, and neither took Balderas's one year and eight months on bond with the Smart Stop device into account. (*Id.* at 5-6). Balderas tried to address the situation with the judge, but Gonzales told him he could not speak because it was up to the judge. (*Id.* at 6). Gonzales also told Balderas's wife she could not speak because it was not her case. (*Id.*). Gonzales also told her that the letter regarding the pending disability claim had no importance. (*Id.* at 7).

Balderas seeks to have the court consider the time he has already completed while released on bond. (*Id.*). He notes that he recently had surgery and is not able to work, and therefore cannot comply with fines or pay for classes. As a result, he could end up receiving jail time even though he has already completed a year and eight months on bond with the Smart Stop device. (*Id.*).

      *c.*    *Construction of Complaint*

Although Balderas initially filed his claims on a prisoner civil rights form used for raising claims under 42 U.S.C. § 1983, his claims and the relief he requests are instead properly raised as habeas corpus claims. "The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief." *Gray v. Guerrero*, No. A-21-CV-762, 2021 WL 4438144, at *2 (W.D. Tex. Sep. 28, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Liberally construed, Balderas asserts that counsel is rendering ineffective assistance in his state criminal proceedings and that the prosecution is violating his double jeopardy rights by proceeding with the case despite the one year and eight months Balderas has already spent on probation. (D.E. 1 at 3-4). The only relief he requests is the court's consideration of the time spent on probation. (*Id.* at 4). In short, these are claims challenging the fact or duration of Balderas's confinement and should be construed as habeas corpus claims.

Moreover, it appears from the complaint and more definite statement that, at the time of the complaint, Balderas was a pretrial detainee. Accordingly, his petition should be construed as arising under 28 U.S.C. § 2241. *Randall v. 79th Dist. Ct. Jim Wells Cnty.*, No. 2:24-CV-00036, 2024 WL 3364035, at *1 (S.D. Tex. June 7, 2024). Courts have concluded that a state pretrial detainee who has been released on bond is sufficiently "in custody" to meet the requirements of § 2241. *See, e.g., Wingo v. Stone*, No. 3:09-CV-2111-N, 2010 WL 2899511, at *1 (N.D. Tex. June 24, 2010).

## II.   DISCUSSION

Here, it is apparent from Balderas's claims and the relief he seeks that he is not entitled to relief.  "Before seeking federal habeas relief under 28 U.S.C. § 2241, petitioners must generally exhaust available remedies." *Randall*, 2024 WL 3364035, at *1.  "Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that federal courts also generally should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* at *2.  "Absent special circumstances, pretrial federal habeas corpus petitions are discouraged under the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37, 45 (1970), which prohibits direct interference by a federal court with a pending state criminal prosecution." *Driver v. Garcia*, No. H-15-0857, 2015 WL 12942418, at *3 (S.D. Tex. Jul. 17, 2015).  In other words, "federal habeas relief should not be used as a 'pre-trial motion forum for state prisoners.'" *Id.*

Balderas has not exhausted his state remedies.  It is apparent from his petition and the more definite statement that, at the time both were filed, his state criminal proceedings were ongoing.  The only request for relief that he makes is that the state court consider his successful one year and eight months while released on bond with Smart Stop device, but his sentence has not yet been imposed,[3] and this argument must be made to the state court

---

[3] It is possible that Balderas's sentence has been imposed as of the entry of this memorandum, but it had not yet been imposed at the time of his petition or the filing of the more definite statement.

in his criminal proceedings. Similarly, Balderas's complaints about Gonzales's performance should be raised with the state court in his criminal proceedings. Finally, a double-jeopardy claim brought by a pretrial detainee is a recognized exception to both the complete-exhaustion rule and the *Younger* abstention doctrine. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("Section 2241's exhaustion requirement does not mandate that defendants asserting a Double Jeopardy claim subject themselves to the very harm the Double Jeopardy clause protects against before being able to assert the right in federal court"); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (holding that the *Younger* abstention doctrine does not apply to claims of double jeopardy or collateral estoppel as constitutional protection from a second trial). However, although Balderas titles his claim against Garcia as a double jeopardy claim, the basis of the claim is that he would like consideration of his time released on bond at sentencing. (D.E. 1 at 4; D.E. 11 at 5-7). Even liberally construed, this is not a double jeopardy claim, and as noted above, it must be raised before the state court.

### III.   RECOMMENDATION

Accordingly, it is recommended that Balderas's § 2241 petition (D.E. 1) be **DISMISSED** pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that Balderas is not entitled to relief.

Respectfully submitted on August 13, 2024.

                                         _____
                                         Julie K. Hampton
                                         United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).